RE: WR-42,199-06                    42,199-06

IN THE CRIMINAL COURT OF APPEALS OF TEXAS
P.O. Box   12308 Capital Station
Austin Texas   78711

MOTION DISMISSED
DATE: 7-14-15
BY: P.C.

FROM:
Fourth Court of Appeals  No. 4#15-00335-GR
Trial Court ~~No. GR~~ No. 2012CR5089

APPELLANT'S BRIEF PERFECTING THE APPEAL, JUDGEMENT
CORRECTION FROM FOURTH COURT OF APPEALS

COVER SHEET

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 10 2015

Abel Acosta, Clerk

EX PARTE Roland S. Perkins
6535 Cagnon Road
Dominguez State Jail
TDCJ CID # 01876813
San Antonio Texas 78252

_____
July 1, 2015

NO MORE PAPER FRONT BACK USED  DISALLOWED Legal Supplies
ACCESS TO COURT  HARRASSMENT INMATE ACCOUNT FROZE
FRAUDELENT LIEN.

IN THE CRIMINAL COURT OF APPEALS: Court Clerk A. Acoasta
Fourth Court of Appeals NO. 04-15-00335-GR
TRIAL COURT Number 2012 CR 5082
DATE: JULY 1, 2015

# TABLE OF CONTENTS ON APPEAL

| PAGES | PARAGRAPHS | | SUBJECT |
|---|---|---|---|
| 1. | I, II, Notice of Appeal | Opening Statement |
| 2. | III, IV IDENTIFYING PARTIES | ATTORNEYS |
| 3. | V IDENTIFYING PARTIES | STATE ATTORNEYS |
| 4. | VI Grounds for Appeal | Due Process |
| 5. | VI JURISDICTION | Affects on Appeal |
| 6. | VII JURISDICTION | Blacks Law Dictionary |
| 7. | VIII Rule of Court | Index Authorities |
| 8. | IX Texas Rules Appellate Procedure | |
| 9. | X Texas Rules Annotated | STATEMENT OF CASE |
| 10. | XI Arguement legal Authorites | |
| 11. | XII Perfecting the Appeal | Arguement Rule |
| 12. | XIII Rules Effect on Appeal | Record. |
| 13. | XIV, XV Ex Parte Statement of facts | |
| 14. | XVI MEMORANDOM OF LAW | |
| 15. | XVII illegal Search Siezure | Racial Profiling |
| 16. | XVIII WRONGULLY CONVICTED | |
| 17. | XVIII MEMORANDOM OF LAW | ACQUITTAL |
| 18. | XVIII MEMORANDOM of Law | Move |
| 19. | XVIV Correcting the Record | n |
| 20. | XX Discovery Disputes | Memo |
| 21 | XXI NUNC PRO TUNC LAW | memo |
| 21 | XXII NUNC PRO TUNC LAW | memo |
| 22 | XXIII Malicious Prosecution Claim | memo |
| 23 | | memo |
| 24 | XXIV Closing Arguement | memo |
| 25 | Prisoners Exonerated Law | memo |
| 26 | Death sentence reversed | |
| 27. | closing | |
| 28, 29 | MOTION DECLARATION Correct J vAFECT | |

July 1, 2015

# IN THE CRIMINAL COURT OF APPEALS
## OF  TEXAS
## P. O.  BOX  12308
## CAPITAL  STATION
## AUSTIN  TEXAS  78711

# NOTICE  OF  APPEAL

## APPELLANT'S BRIEF PERFECTING APPEAL; CORRECTING JUDGEMENT

EX  Parte  Roland S. Perkins

VS.

Fourth Court of Appeals No. 04-15-00335-CR

TRIAL COURT Number 2012 CR 5082

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 10 2015
Abel Acosta, Clerk

TO COURT CLERK, Honorable Able Acosta

### I.

Now comes the above appellant appearing Pro se, EX Parte Roland S. Perkins. Comes now with his Appellants Brief; For Perfecting his Appeal and requesting Corrected Judgement. For the reversed or modified Judgement. done by The Fourth Court of Appeals. Appellants Brief for wrongful conviction. Appellants request an Acquittal due to these constitutional violations.

### II.
### IDENTIFYING THE PARTIES

Deceased ATTORNEY Phillip Austin Phil Staffer Bar # 24053837 Before he died he recieved Lawyer fee $7500.00 Dollars, The Texas Bar Association said i the Client wasn't entitled to refund or i maybe not client fund.

Page 1                                    CC

# IDENTIFYING PARTIES

ATTORNEY (1) PHIL STAUFFER WORK ADDRESS 111 Soledad St Ste 1310 San Antonio Texas 78205-2317.

ATTORNEY (2) JOSEPH Hoelscher 115 E. TRAVIS St Suite 1500 San Antonio Texas 78205-1136.

ATTORNEY (3) Cornelius Cox N Suite 1020 405 N ST Marys San Antonio, Texas 78205-1636.

(2) Noeschler Attorney Court Appointed did not want to accept cash for Legal services very snobish. Racial profiling showed ineffective assistant of counsel. Through this whole ordeal, no help just sign for Fifteen years or else get 25 year. Then he conspired with (DA) Now Judge 144th Female. They Did lie under the penalty of perjury STATED THEY Believe I was sober enough to understand or competent to accept The plea "Balogna." They all knew I was drunk still without no test led me up to the Judge for the wrongful sentence conviction and arrest. "Incompetent Plea"

## III

At the PSI pre sentence investigation Appellant denied due process, incompetent plea, Did accept wrongful witness statement illegal search seizure.

Attorney Cornielus Cox did File MOTIONS To WITHDRAW, while approaching The Trial Bench Appellant made it perfectly clear Hoeschler was dissmissed, Fired No longer my attorney. He insisted even after that To get me this wrongful 10 year conviction After wrongful sentencing The Judge Granted lienpency and change the 10 year To eight years. Then The Fourth court of Appeals modified and reversed the 8 years Back to 10 years.

Page 2

## IDENTIFYING PARTIES BACKGROUND ON APPEAL

2014, January 26 TO THE 44th JUDICIAL DISTRICT OF BEXAR COUNTY       MANDATE before Court of Appeals Fourth Circuit REVISE OR REVERSE YOUR JUDGEMENT Between Cause NO 04-13-00791-CR    TC Court NO 2012CR5082

In accordance with The above court Opinion is Affirmed and modified to reflect a Ten year sentence. June 1, 2015

After the Ex Parte Perkins filed his NUNC PRO TUNC WRIT OF MANDAMUS Habeas Corpus. To have his remodified reversed change back TO the Amended Judgement, signed by the Judge, and my Attorney Cornielus Cox, maybe it's Because he is an Licensee AfroAmerican Attorney. This Court refuse to honor That he did get me a eight year sentence and not a 10 year, All of my Calcylations upon entering TDCJ CID shows eight years Not Ten years

### I

STATE Counsel Attorney Micheal Guerroero said get another attorney, when Fourth court of Appeal denied motion for discory and/or transcripts They said Thae dont have Jurisdiction they had Jurisdiction to Change why cant they change it back. That's why where here criminal court of Appeals.

## V

## GROUNDS FOR APPEAL CATOGOEYES

1) INCOMPENTENT PLEA, INVOLUNTARY PLEA, INTOXICATED PLEA, INSANITY Plea Ineffective Assistance of Counsel

2) wrongful conviction, wrongful sentencing improper witnesses or Testimony, Judgement incorrect wrongful Prosecution.

3) illegal search and siezure prejudice error, Racial profiling

4) illegal restraint, denied parole improper sentencing Complaint Harrassment Retaliation.

5) Depriving defendant assistant of counsel unconsenual Blood Testing Privacy Interest

6) Brady Violation DA, Attorney witness statement same prosecutor's testimony withholding Evidence.

# JURISDICTION

VI

## EFFECT ON APPEAL

When the record is filed in the Appellate Court in a criminal case, The Trial Court Jurisdiction is generally suspened. See Green V. State 906 S.W. 2d 937 Tex Crim App 1995) (Trial court had no authority to enter findings of facts after the record was Filed in the Court Of criminal Appeals However the Court abated the appeal to permit The Trial court to make findings)

Beeler V State 122 s.w. 3d 814 Tex App Amarillo 2003 no pet, filing notice of Appeal does not deprive Trial Court of Jurisdiction To Rule on a motion for New Trial

Criminal Court of Appeals Stated in dicta That once an appellate court obtains Jurisdiction THE TRIALS COURT LOSES Jurisdiction Once the record has been Filed. Whate head v State 130 S.W. 3d 866 874 n 34 Tex Crim Crarim 2004

STATE V Moore 225 S.W 3d 556 569 n 99 Tex Crim App 2007 Rule 25.2 (g) T.R AP provides suspended until Trial court recieve Appellate court mandate This has been Law or by these rules since enactment of Article 44.11 of the 1965 C.C.P. Act 1965 5th Leg ch 722 §1 p 513 eff. Jan 1 1986 See Mercado v State 718 S.w 2d 291, 296 Tex, Crim. App. (1986) Trial court loses Jurisdiction when Notice of Appeal

Jurisdiction - legal power; authority of a court to make a decision That bind there Parties,

MANDATE 16(c) An order from an appellate court directing a lower to make a specified action

Arrested of Judgement was technical term describing the act of a Trial Judge refusing to enter Judgement on the verdict because of an Error page appearing on the face of record that rendered Judgement United states v sessions 399 u.S. 267 281 81 90 Supreme Court 2117

Mandatory Prescriptions — Jurisdiction LE2d Digest court §7 10 Court have Rejected The motion, Thats all mandatory prescription however emphatic or properly Typed Jurisdiction (VJRA) Veteran Judicial Review Act Article 1 Tribunal

Compelled Jurisdictional Treatment may cause waste of judicial process, resources may unfairly prejudice claim of litigents since objection maybe raised at any time even after trial E.g. Reed Elisevier Inc v. muchnick 559 U.S. 130 SCt 1237 176 LE 2d 18

# RULES OF THE COURT OF APPEAL
## PROCEDURE ANNOTATED

RULE 22: ARREST OF JUDGEMENT IN CRIMINAL CASE Means a defendants oral or written suggestion that the reasons stated in motion the judgement rendered against the defenandt is wrong Contrary to Law

Rule 22.2 Grounds (c) that the judgement is invalid for some other reason (1997) grounds for an Arrest of Judgement Any must appear on the face of the record. ie the indictment plea verdict and sentence Orand v State 254 S.W. 560. 563 2008 FW) raised a constitutional speedy trial claim. Rule 22.3 Time to file motion 22.4 Courts ruling 22.5, Rule 22.6 Granting Motion

RULE 23.1 NUNC PRO TUNC PROCEEDINGS IN CRIMINAL CASES. Unless the Trial court has granted a new Trial or arrested th Judgement or unless the defendant appealed A FAILURE TO RENDER JUDGEMENT AND PRONOUNCE SENTENCE may be corrected

Applicable trial court failed to render Judgement pronounce sentence Trial Court has authorities to correct clerical jvagement in record State v Bates 889 S.W. 2d 306 (Tex crim App 1994) Use to correct clerical errors. no Judicial reasoning were not entered on the record at the proper time. Id see Fortson v State 948 S.W. 2d 511 Tex App Amorillo 1997 Pet ref trial Judge's clerical mistake in signing an order arresting the judgement could be corrected NUNC Pro Tunc Johnson v state 233 S.W. 3d 420 (2007)

## TEXAS RULE OF APPELLATE PROCEDURE

Rule 11, Scope, Rule 12 Local Rules, ~~Rules~~
scope of Rules. Rules, Local Rules, of Appellate Court,
Altering, nonjurisdictional Deadlines

Rule 3.1 Definitions; Uniform Terminology (d) Applicant
seeking relief by habeas corpus, if the trial court
refuses a ruling or hearing make findings
writ of mandamus. Cantu V. Longoria 878
S.W. 2d 131 (1994) O Quinn v Hall 775 S.W.
3d 438 (Tex. crim. App. cc 2002)

RULE 4.3 Periods Affected by modified Judgement
in civil case. NUNC PRO TUNC JUDGEMENT Start
time to Appeal. New issues that would have not
applied to Original Judgement Daniels v.
Commissioners for lawyers ~~court~~ 142 S.W. 3d
565, 569 n 3 (Tex App 2004)

Rule 10.1(a) Contents of motion RESPONSE
~~Acting~~ ~~Jurisdictable~~

RULE 20.2 Criminal Cases were defendants affidavit
of indigence denied Is entitled. Snoike v.s
state 717 S.W.2d.

RULE 21.3(h) authorizes new trial an order
purporting to grant a judgement of acquittal n.o.v.
was the functional equivalent or granting a new
trial savage v state s.w.2d 497

New trial based on evidence state v Daniels
761 S.W. 2d 42, 45-46 Tex App Austin state
V. Davenport 866 S.W 2d 767-771 Tex App
San Antonio 1993

# ARGUEMENTS AND LEGAL AUTHORITIES

Gideon Vs. Wainwright 372 U.S 335, 344 83 Sct 792 796 9 LE2d 799 (1963)  Violated Rule 105 Confidiality of information. The Lawyer Hoeschler violated Rule105 Confidentiality of informant harmful and prejudice Error    Hoescher Attorney was dissmissed went before Judge and demanded persauded wrongfully instructed He knew That defendant was infact intoxicated still use state witness to convict the Applicant

## INCOMPENT PLEA

Involuntary plea when fired attorney insisted that applicant take Fifteen years  or he would get 25 years to life for Felony OWI 3   Little more than a traffick ticket

## ILLEGAL STOP SEARCH AND SIEZURE

The traffic stop was a pretextual stop Alleged Traffic violation Nothing more raciel profiling endangered species Blacks in a preaomontely B-50 Targeted afro Americans coming from Greenwoods Bar & Grills own by The Buffalo Soldiers, see complaint harrassment

Same traffick Stop same crooked officer Initial officer called other SAPD who Dragged Beat Kick slam on Ground wrongful arrest wrongful conviction wrongful Time and calculation  Applicant should have case acquitted      State v Daly 35 S.W. 3d 237 Tex Crim App 2000 No Pet.

# ARGUEMENTS AND AUTHORITIES

Appliant filed his Habeas Corpus §11.07 For Time reduction. Then some form of retaliation for exercising my First Amendment Right. To Access The Courts For court of Appeal remodified my 8 year sentence To a 10 year sentence. With This Same Nunc Pro Tunc mandamus. The forth court of Appeals said they dont have jurisdiction to change it back why did they bother it anyway. Then state they dont have Jurisdiction

## WRONGFUL PROSECUTION

When or during sentence August 1 2013 I was railroaded Denied Due Process of His Constitional Rights V Fair Impartial hearing when The Judge, District Attorney Joerph Hoeschler and Balllf all Did lie under Sworn testimony The Believed I was sober enough to understand or know whats going on when they all lied Conspired agree That I was compentent enough when they haade the inquiry about my soberness

## SUSPICION OF BRIBERY

When my First Attorney Died Hoeschlea would not Accept any money to give the Judge, Thing got real ugly such as Lying agreeing swearing in a wrongful Testimony written MOTION DENIED Still Dont know what Time to give The Applicant not sure unsure Time dont fit must acquit.

Page 9

# TEXAS RULE OF APPELLATE PROCEDURE
## XII

Rule 25 (1) there is a agreement between the prosecutor and the defense which reduces the potential range of punishment on agreement, thereby precluded further punishment of those charges (2) The defendant pleads Guilty in simular agreement. Punishment toward defendant does not exceed the punishment Kennedy v State 297 S. W 3d 338 391, 392 Tex Crim App (2009) Right to Appeal signed by Judge Dearr v State 154 S. W 3d 610 Tex Crim App 2005/

### Effects of an Appeal

When the record is filed in the Appellant Court in a Criminal case the Trial Court's jurisdiction is General suspended see Green v State 906 S. W 2d 937 Tex Crim App 1995 court abated the Appeal permit findings Beeler v State 122 S. W 3d 814 Tex App Amarillo 2003 filing notice of Appeal does not deprive the Trial court of Jurisdiction to rule on motion for New Trial. Once Criminal court of Appeal stated in dicta one obtain jurisdiction The Trial court loses Whitehead v State 130 S. W 3d 866, 874 Tex Crim App 2004

State v Moore 225 S. W 3d 556 569 49 Tex Crim App Mercado v State 718 S. W 2d 291, 296 Tex Crim App (1986)

Rule 26 Time To Perfect the Appeal

Texas Rules of Appellate Procedure Annotated

Rule 23.1 NUNC PRO TUNC ; Denial of a nunc pro tunc was not a appealable order But MANDAMUS IS AVAILABLE in appropriate circumstances Allen v. State 20 S.W. 3d 164

RULE 23.2 CREDIT ON SENTENCE (a)(b) All Time between defendants arrest and confinement should have been entered or pronounced. Ex Parte Florence 319 S.W. 3d 695 696 Tex Crim App 2010 Ex Parte Ybarra 149 S.W. 3d 177 198 199 2004 if credit is denied mandamus is appropriate. In re Brown 343 S.W. 3d 803 804 Tex Crim App (2011) Absolutely indisputable under terms of Art. 4203 Section 2 (a) (1) Date for commencement of Community supervision Originally rendered by the Trial court included the corrected date Collins v. State 240 SW 3d 925 928-929 Tex. Crim App 2007 Judicial error rather a clerical One

Rule 24.4 Appellate Review @ MOTION ; Review

RULE 25.1 (d) PERFECTING THE APPEAL 252 Criminal cases code of criminal procedure art 44.01 Plea Bargain Cases Rule 25.2 (a) (1) raised in a written pretrial motion Trial court granted permission to Appeal Chavez v. State 183 SW 2d 675 680 Tex Crim App 2006. Defendant in a plea bargain case may not even appeal jurisdictional issues without pretrial. A defendant may not evade This rule by perfecting an appeal from Trial Court Estrada v State 149 SW 3d 280 282 (2004)

EX PARTE STATEMENT OF FACTS

WRONGFUL TRAFFIC STOP, UNCONSTITUTIONAL Blood Draws

In the Supreme Court of the United States 569 U.S. (2013) Missouri Petitioner V. Tyler G. McNeely Schember V. California 384 U.S. 757 (1966) This court warrentless Blood Test of an indivisial warrented. Nonconsenual Blood Test in all Drunk Driving cases

use State V Robinson 414 U.S. 218 224 (1973)

That principle applies to type of search at issue in this case which personal deep rooted expectation of privacy Wiston V Lee 470 U.S. 763 760 Skim V Railway Labor Es. Ass. 499 U.S. 602 616 (1989)

Virginia Vs. moore 853 U.S. 164 - 171 (2008)

But widespread of State restriction on Non consensual Blood Testing provide further Support for our recomition, Compered Drug Blood Draws Implecate Privacy interest

XVI

STATEMENT FACTS DWRONFUL BLOOD DRAW

Upon Appellant merely allege Traffic stop SAPD officer lied in report. Intentionally with Intention to cause harm, callin my licensce plates to see previous OWI's then maliscously pulled The Appellant over False claiming Speeding that's Balogna This same SAPD pulled me over twice dicd sobriety First time. This call For Back Up Falsely allegin he smell alcohol. Second SAPD just with intent wrestle down put handcuff Dragged me Beat while i was being Strapped in Like electric Chair NONCONSENSUal Blood Draw

# MEMORANDOM OF LAW

PLEA BARGAIN LAW    MITCHIGHELL 762 SW2d 916
Tex. App. San Antonio (1998)    Open Plea of Noho
Contendere **WAS INVOLUNTARY**, where it was
based on erroneous advice of counsel at Trial by
Judge, the defendant could be found guilty of a
seperate account.

Case was reversed procedural Errors of Counsel
Prejudiced the defendant in punishment phase
defence failed to persue mitigating factors.

Court appointed Attorney Joeseph Hoeschler
Never appeared, was not active practitioner, never
appeared in court except for appointment of pleas
use 505 SW 2d 295 Tex Crim App Post Conviction
Habeus Corpus.

The defendant Appellant was denied effective
assistance of counsel on punishment when trial
counsel Tried the case blind. which adequate pre-
vention and inconsistant, theories the evidence as
to guilt was so overwhelming as to preclude a
finding of harm.

Carlile 451 SW 2d 511 Tex Crim App 1970

DWI REVERSIBLE ERROR For the trial court to place
one of the accussed under rule when it is learned
THAT SAID ATTORNEY APPEARED AS WITNESS FOR
THE ACCUSED DEPRIVING THE ACCUSSED OF THE
ASSISTANCE OF ONE OF HIS COUNSEL

# ILLEGAL STOP AND SEARCH WRONGFUL ARREST

Without his miranda rights SAPD charging officer Continue to racial profiling , Official oppression Same harrassing officer as Before Called another SAPD. all in motion for Discovery denied by Court of Appeals, Nor a sobriety test second officer slammed cuffs on using he smelled alcohol wrongfully arrested for an alleged traffic Stop heart of Black Niegborhood New Braunfuls and Houston street. use McQuarter v State 58 S.W 3d 250, 256    257 Tex App forth Worth Texas 2001 illegally siezed in custody never made aware of miranda Rights) Both SAPD refused read license plates seen former DWI Then Denied his constitional Rights  Miranda V Arizona 384 U.S. 346   86 Sct 1602 (1969) Never got a Traffic Ticket except wrongful convictions

## Racial Profiling   wronaful withdraw Blood

The investigative officer hunch not alone sufficent to Constitut prople cause
Guzman V State 955 SW 2d 85 Wrongful witharaw of Blood applicant was mislead by lawyer To sign plea bargain Attorney never conducted an investigation cover the array of violations of the provision of the constitution and Texas Constitution      Sixth Amendment To have Counsel denied U.S. v Decaster 199 U.S. App DC 359 382 C.2d F2d 196 197

wrongfully convicted Strickler V Greene
527 United States. 263. 282 (1999), Prosecution's
Failure to produce notes on conflicting statements
made by witnesses deemed insufficient. To constitute
Brady violations. In death penalty, Brady violations
abroad in the land.

Prosecutors who put winning a conviction
above their ethical obligation to seek Justice
only Judge's can put a stop to it.

Ex Parte was wrongfully convicted when
the trial errored and use assistant DA prosecutor
Bailiff, and judge conspire to use false testimony
all three agreed the Believed the make false
testimony the Believe that Ex Parte Perkins was
not Drunk No alcohol Tests Assumption and
made up Testimony. Joseph Hoescher was Fired
on August 1, 2013, the female prosecutor
now judge Said she spilled alcohol on
the Ex Parte then after they were sworn
in Testified under the penalty of perjury
see Brady violations United States v
Olsen 737 F3d 625, 626 9th Cir 2013

August 21, 2013 A Federal Judge North
of pennsylvannia granted Death Row Prisoner
petition for writ of habeus Corpus and vacated
his conviction of death row sentence due
To Brady violations by prosecution
withholding evidence Dennis v Wetzel 966
F.Supp 2d 489 E.D. Pa 2013 RL

Merez v State 725 S.W. 2d, 146, 156, Tex crim App (1996) THE CRIMINAL COURT OF APPEALS Reversed on question except as to affirmation of defenses I Believe.

[4]. Janak also assert that The Trial Court erred in allowing officer to Testify over objection That Janak contend that statuatory warnings as required by Tex. Rev. Civ. Stat. Ann art. 670 is refusal of Evidence shouldue not been admitted Nogere Vs State,

The Trial court erred in this case After the sobpena The Judge, Prosecutor's and Boiliff and fired attorney they did violate the Petitioner right By make false testimony conspiring to make it appear that the petitioner was not sober when infact the same female prosecuter now Judge did violate the defendant right and falsified a wrongful conviction plea

The Appellant's First Fifth and Fourteenth Amendment of the United States Constition

Janak V. State 826 S.W. 2d 803 - DWI
defendant Appealed (1) prosecution presented sufficent evidence
(2) Admitting evidence of defendent of defendent refusal
to take Blood test, Predicate evidence of statuatory
warming was **REVERSIBLE** Reversed and Remanded
    (1) Criminal law 753.1 when ruling on motion
for instructed verdict Trial court appeals seme standard
in light of most Favorable arguement.
    (4) Evidence of statuatory waring intoxicant
refused to take Blood Test. Vernons Ann Tex civ
stat art 8701
    (5) Criminal Law 1169.12 Admitting Evidence
That motorist refused to Take Blood Test without predi-
cate evidence of Statuatory warning [i] Ruling on
a motion for instructed verdict Same Standard
Sufficiency of evidence

    Hogue Vs. State 752 S.W. 2d 585 - 589 Tex
App Tyler 1987 Pet refd As refusal to take a
Blood Test is in a nature of an incriminating
act or statement In meraz v State 785 SW
2d 146 156 Tex crim App 1990 The CCA
reverversed.

    Chase v State 573 S.W. 2d 7881 Tex Crim
Appeals Rogers v State 550 SW 2d 78 81 Tex
crim Appeals (1971) Harris V State 783 S.W 2d
253 253 (1989) if the evidence, INSUFFICENT
Defendont is ENTITLED TO Aquittal see
eg Burk v. United States 1 437 US. 1978

## 36.3. Correcting the Record

(a) Correction by Agreement. At any stage of the proceeding the parties may agree to correct the record filed under Section 2001.175(b) of the Government Code.

(b) Correction by Trial Court. After notice and hearing the Trial court must determine what constitute an accurate copy. After notice and hearing. The Trial Court the angency to send on accurate copy to the court in which the case in pending

Rule 37. Dutie of the Appellate Clerk on Recieving the notice of appeal and Record

Perfecting the Appeal Vernons Ann. Rule App Proc
Rule 55.
Brief on the merits Vernons Ann Rule Ann. Proc

Rule 71. Rule 37.1 On recieving Notice of Appeal

Rule 37.2 On recieving the record.

Rule 38. Appendix for Cases, criminal case

Rule 43. Judgement of the Court of Appeals

Rule 43.1 The court of appeals should render it's Judgement

43.1(c) reverse the Trial court's judgement in whole, or in part and render the Judgement the Trial court should have rendered

44.2. STANDARD FOR REVERSAL

## Rule 31 APPEAL in habeus Corpus

Rule 31.1 Ex parte Bowers 36 S.W. 3d 926 '927 Tex App Dallas 2001 Where There is no ruling on the Morits applicant remedy is either Present The writ to another Judge with Jurisdiction or to seek a mandamus. Villanueva 252 S.W 3d at 394

Ex parte seeks relief involving community supervision writ issues by operation of Law, 352 S.W 3d at 997

Rule 31.3 ORDERS ON APPEAL 3.4 STAY OF MANDATE @ within 15 Days after the court of Appeals renders it Judgement file with The court of Appeals clerks motion For STAY of MANDATE To which append the party petition for discretionary review showing means why the court of Criminal Appeals should review appellcat courts Judgement

(2) When the a court of Appeals reverses the the Trial court Judgement. 32.2 After Perfecting the Appeal in a criminal case @

## DISCOVERY DISPUTES

Rule 34.6(c) Discavery Disputes

To complain denial of discovery A party must file a an appropriate request Loftin V martin 776 S.W 2d 145 149 (1989)

Rule 34.5 Clerks Record (a) contents (2) All additional Items.

Under Rule 34.6(b) an appellant desiring a reporters record must deliver a written request To court reporter or recorder on or befor requires substantial compliance with the Rule Brown V. McGuenver homebuilders inc 58 S.W. 3d 172 174-176

Re WR-42199-06 Ex Parte Hayward 711 SW 2d 652
Tex Crim App (1986). Article 42.03 §§ 2(a)
3 and 4 VACCP No requirement exist for the
Trial Court to detail the reasons for the
award of credit for Time spent in jail
prior to sentencing other than Documentation
required in Art 42.09 § V.A.C.C.P.

Ex Parte Perkins his NUNC PRO TUNC
MANDAMUS For credit presentence pretrial services
will show completed cause No. Trial Court No.
2012 CR5082 Evidence in documentation in
The Trial Court, This Court with the mandate
issued January 26, 2015 Appellant request
was denied for discovery.

EX PARTE APPLICANT APPLICANT STATES
No requirement exist, or detailed reasons for
the award credit, His motion Nunc pro tunc
Habeus Corpus mandamus should be granted
Accordingly. Art 42.09 § V.A.C.C.P.

Habeus Corpus Criminal Law 12.6.(2) C C Part
42.03 § § 2(a) 3, 4 Vern Tex Code Ann.
C.C.P. art 42.09 § §

Court of Appeals V.T.C.A Government Code §
22.108.1.1. Scope Trial Court refuse to hold
hearing or make a finding means of
a writ of Mandamus Canty v Longoria
879 S.W.2d 131 Quin Vr Hall 775
S.W. 3d 438 Tex Crim App. CC 2002

XXI    NUNC PRO TUNC LAW

Ex Parte Perry William Harvey    No. 71590 This is a post conviction application for writ of habeus Corpus file persuant To article § 11.07 V.A.C.C.P    Convicted of meta aphetimes, Punishment enhance by two prior conviction was assessed at 25years.

No finding of facts document SUPPORTED THESE Allegations But no findings of facts have been entered. Applicant was entitled to relief accordingly. V.T.C.A GOVT. Code §§ 498-002  498-005    Award TDCJ CIO calculate commute credits   Article 42.03 2 (a) 3and 4 VA CCP  No requirement exist for the Trial Court to detail the reasons for the Trial court award of credit for time spent in Jail   spent in Jail prior to sentence  other than  Documentation required in Art. 42.09 F VAACP   Ex parte Hayward 711 SW 2d 652 Tex Crim App 1986  Relief Granted

Ex parte Harvey Jr. No. 71590 Court of Criminal Court of Criminal Appeal of Texas  En Banc Filed writ application for writ of habeus Corpus contending HE WAS ENTITLED TO THAT AMOUNT TO PRESENTE JAIL TIME CREDIT reflected in in Trial Court Validly CERTIFIED JUDGEMENT NUNC PRO TUNC    So ordered

1) Only Judge of that for good time Credit incourt in which defendant was Convicted may compute credit said from time of arrest and Confinement until sentenced by Court Detailed in Statue Vern. Ann. Tex CC Part 42.03 §§ 2, 3.4.

Criminal Law 12 (2)
Habeus Corpus applicant was entitled to credit for amount of presentence Jail Time That was reflect in validity

Page 31

Malicious Prosecution Claim is conizable
Equitable Estoppel prohibits The defendant
from asserting a statue of Limitation
defense against a seperate claim, That
prosecutor witheld exculpatory evidence
in that case:

Julion v Hanna 732 F3d 842
7th Cir (2013) Later prevailed in his post
conviction Appeal Key witness had lied

Fabricated Evidence, wrongfully
convicted Based on Evidence clinic
Investigation prompted the prosecutor
to move to set aside masseys
conviction release after court granted
Motion,

Raised Claims for violation of Due
Process Under the 5th 14th unreasonable
search and siezure and maliscous
prosecution under the 4th 5th 14th
Amendment of U.S. Conspiracy to
contravene his constitutional rights

masseys argument claim for
due process violations a plaintiff must
plead adequate facts to establish lost
of Liberty ie his conviction and
subsequent resulted from fabrication
Massy V. Ojanit. 459 F3d 343 4th
Circuit 2014.

Ex Parte Perkins motion for discovery was denied by the state alleging jurisdiction. It reveals names of District Attorney who started all this her name is relevant in the above Appeal she is the one who said she smells alcohol It should be on recusal if she is the DA denying ruling on his discovery motions

Under the authority of Article 39.14 of the Texas Code of Criminal Procedure Art 1 sec 10, 19 and 29 constitution of the united States of America Doctrine Brady vs Maryland 373 U.S. 83 and Means v State 429 S.W. 2d 490 make the prosecuting attorney produce The materials And information exonerated

Suppression by the prosecution of evidence is favorable to the accused upon request violates due process where evidence is material either to guilt or to punishment irrespective of good faith or bad faith.

Duty to Disclose exculpatory evidence includes information that would tend to impeach Prosecution witness. Giglio v. United States 405 U.S. 150 154 S.Ct. 763 766 31 L.Ed 104 (1972)

page 24

# PRISONER'S Exonerated Brady Violations

Cited see State ex rel. Griffin v. Denny 347 Sw 3d 73 Mo. 2011 Cert denied Violated Brady Violation Failing to disclose information

Strickler v. Green 527 U.S. 263, 282 (1999) prosecuter Failure to produce note of conflicting statements made by eye witness deemed insufficient to constitute Brady violation in death penalty withholding exculpatory evidence see Dennis v Wetzel 966 F Supp 2d 489 E.D. Pa 2013

Lousana Court of Appeals reversed merits of his Brady violation claims see State v Thompson 825 So2d 552 La Ct (2002) In 2003 Thompson filed a Civil Rights action under 42 U.S.C. § 1983 alleging D.A. office had violated his Constitutional Rights malicous prosecution § 1983 wrongful suppression of evidence and conspiracy unconstitutional Brady Policy Brady Violations Supreme Court Kyles v. Whitley 115 S. Ct. 1555 (1995)

Zimmerman ACQUITTED For murder July 13, 2013 regards to Brady material should've been disclosed, Ben Knudbos filed claim on DA office claiming deliberate wilful unscrupulous action suit against Corey filed counterClaim. Kruidbos v Corey Fourth Judicial Circuit Court FL Cafe No 16-2013-CA-007407 Clear Violation of Brady Obligation

Death Sentences Reversed Due to Prosecutorial Misconduct.

Misconduct by prosecutors, including withholding evidence; making improper closing arguements Fifth Amendment self incriminating, To take someone Life liberty Niwth Circuit Judge wrote Alex Kozinski see mike V. Ryan 711 F3d 998 9th Cir (2013)
See Wolfe V Clark 718 F3d 277 4th Cir 2013 cert denied. had been falsely testified Against   Prosecutors remarks was the Devil Improperly inflamed the verdict Reversed and remanded to the State trial court for resenten cing. See   Cauthern V Bell 2013 U.S. App Lexis 22944 (6th Cir 2013)

Legally insane or guilty but mentally ill To reduce the Felony DWI Lancaster filed habeur corpus as a remedy for state prisoners Metrish V Lancaster. 133 SCt. 1781 (2013) Unconstitutional Convictions While V. Woodall 134 SCt 1697 (2014) habeus case involving penalty phase Jury instruction State V Santiago 143 Conn App 26 66 A 3d 520 Conn 2013 vacating reversing

Supreme court cited Florida, cited serious nature of his misconduct and the harm it caused to the administration of Justice Fla. Bar V. Scheinberg 129 So. 3d 315 Fla (2013) EX Parte Contact. LEXIS 1805

WHEREFORE premises condsidered This Appellant-defendant petitioner file pro se his Appeal 111.07 To be exonerated sentenced be reversed back to eight years and or acquittal Time don't Fit must acquit. Please take in conscderation Not enough Paper indigent to do writ being harrassed Law Library Burley denied paper to write writ Please Consider not attorney No type writers etc.

PRAYER This prisoner prays he is grant his Appeal he is still Allegally restraint

CERTIFICATE OF SERVICE

Ex Parte Perkins does declare he has sent a copy to the Criminal Court of Appeals by placing in the united states mail post office Box at Dominguez State Jail TDCJ CID # 1876813 Name Roland S. Perkins On July 1, 2015

UNSWORN DECLARATION

I Roland S. Perkins TDCJ CID # 01876813 do declare under the penalty of perjury The forgoing is True and correct see Title 28 § 1746 U.S.C

July 1, 2015
_____
Date

_____
Roland S. Perkins

WR-42-199-06

RE: FOURTH COURT OF APPEALS NO. 04-15-00335-GR
TRIAL COURT NUMBER 2012CR5082

EX PARTE Rolands.Perkins
Appellant
V.
STATE OF TEXAS
APPELLEES

IN THE 144th District
Court
Fourth Court of Appeals
Bexar County

## WRIT OF MANDAMUS FOR APPELLANT'S MOTION to CORRECT THE JUDGEMENT OF COA

Now comes the Appellant Rolands Perkins movant Herein bring his MOTION FOR WRIT OF MANDAMUS MOVANT: SHOWS THE Following

On November 26, 2014 Fourth Court of Appeal Affirmed remodified The Trial Court Judgement to reflect a sentence of Ten year. It was already handwritten agreed 8 years Confinement. Appellant violated his 5th Amendment be resentenced Same offense twice is double Jeapardy

Rule 43.5 Correct Judgement of the Court of Appeals. EX Parte Perkins is entitled to The Court failed to perform their ministerial duties correct the 10 year Back to 8 years

RE: FOURTH COURT OF APPEALS   NO. 04-15-00335-CR
TRIAL COURT NUMBER, 2012 CR5052

| | | |
|---|---|---|
| EX PARTE ROLANDO REYKINS | § | IN THE 144TH District |
| APPELLANTS | § | Court |
| V. | § | Fourth Court of Appeal |
| STATE OF TEXAS | § | Bexar County |

## APPELLANTS MOTION FOR NUNC PRO TUNC

Now comes the Defendant-Appellant Ex Parte Rolando S Reyes movant, Austin and Bexar Inc. 144th Monah for Judgement Nunc Pro Tunc Movant and Shows the Following:

Movant Requests this Court correct a clerical error (1) inadvertant entering entered in the case by the above caption cause no. The Judgement incorrectly state time credit;

Sentence credit presentou pretrial service would reflect 23 months santction by the court credit bond was removed 2011-2013. When court Code 5 499 462 443 355 Award credit Article 42.03 2(a) Vacate Court Bond

Wherefore the defendant prays that The Honorable court will Grant This request and authorize The court to reset to correct and and correct all relevant errors in The said cause number.

_____
Rolando Reyes

# IN THE CRIMINAL COURT OF APPEALS
## P.O. BOX 12308
## AUSTIN TEXAS 78711
RE: FOUTH COURT OF APPEALS    NO. 04-15-00335-GR
TRIAL COURT Number, 2012 CR5082

EX PARTE ROLAND S. PERKINS    § IN THE 144th District
V.                   APPELLANTS,   § Court
STATE OF TEXAS              § Fourth Court of Appeal
                          § Bexar County

# APPELLANT'S MOTION FOR NUNC PRO TUNC

ATTORNEY'S FO'

Now Comes the Defendant Appellant Ex Parte Pro se Roland S. Perkins movant HEREIN AND BRINGS THIS MOTION FOR JUDGEMENT NUNC PRO TUNC MOVANT SHOWS THE FOLLOWING:

MOVANT REQUEST THIS COURT CORRECT A CLERICAL ERROR in Judgement sentencing entered in this case by the above case and cause No. The Judgement incorrectly states Time Credit;

should be credit presentence pretrial service would reflect 23 months sanction by this court higher bond was completed 2011-2013. V.TCA. Govt Code § 498.002 - 498.005 Award credit Article 42.03 2(a) VACCP Grant Relief

WHEREFORE The defendant Prays that This honorable court will Grant this request and authorize The clerk of court to correct any and all records errors in this said cause number

Respectfully submit
M. Roland S. Perkins

EX PARTE ROLAND S. PERKINS § IN THE 144th District  
APPELLANTS, § County  
V. § Fourth Court of Appeal  
STATE OF TEXAS § Bexar County

## APPELLANTS MOTION FOR NUNC PRO TUNC

Attorney Pro

Now comes the Defendant Appellant Ex Parte Prose Roland S Perkins, movant herein and brings this motion for Judgement Nunc Pro Tunc. Movant shows the following:

Movant request this court correct a clerical error in Judgement sentencing entered in this case by the above cause and cause no. The Judgement incorrectly states Time Credit.

Showing credit presentence pretrial service would reflect 23 months sanction by this court higher bond was completed 2011-2013, VTCA. Gov't Code § 493.005 - 493.005 Award credit Article 42.03

2(a) VACCP Grant Relief

WHEREFORE the defendant Prays that this Honorable court will grant this request and authorize the clerk of court in this said court number provs in this said court number to correct any and all records

Respectfully Submit

Roland S Perkins